UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ANELIN PEREYRA,

           *Plaintiff*,

   -against-

JAMEL EADDY *and* MALIKAH FLETCHER,

           *Defendants*.

----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-29-15

13 Civ. 4760 (PAC) (MHD)

**ORDER ADOPTING REPORT & RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On July 9, 2013, *pro se* Plaintiff Anelin Pereyra, initiated this action pursuant to 42 U.S.C. § 1983 against two corrections officers: Jamel Eaddy and Malikah Fletcher. Plaintiff alleges that, while he was an inmate at Rikers Island, Fletcher used excessive force in violation of the Eighth Amendment and Eaddy failed to intervene. When discovery concluded, Eaddy and Fletcher jointly moved for summary judgment under Fed. R. Civ. P. 56 on July 28, 2014. In response, Plaintiff conceded that Fletcher was not his assailant.[1]

On May 13, 2015, Magistrate Judge Dolinger issued a Report and Recommendation ("R&R") that summary judgment be granted on the claims against Fletcher, but found that there were issues of material fact against Eaddy regarding the failure to intervene claim.

Neither party filed objections to the R&R. Accordingly, the Court reviews the R&R for clear error. *See Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y.

---

[1] The City's *Valentin* notice identified "Fletcher and 'Eddy' [sic] as officers 'who may have been involved in an incident involving plaintiff.'" R&R 3. The R&R also noted that "[P]laintiff's error in identification was plainly attributable to the City's *Valentin* response, which identified Officer Fletcher as having apparently been involved in the incident." R&R 23, n.10.

1

Feb. 10, 2011) ("The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." (citation omitted)).

Based on Plaintiff's concession, the R&R is clearly correct in recommending summary judgment for Fletcher on the excessive force claim. With regards to the failure to intervene claim, the R&R concluded that there was sufficient proof of excessive force and that there was a valid failure to intervene claim. That claim does not depend on knowing the identity of the alleged assailant. *See Jean-Laurent v. Hennessy*, No. 05 Civ. 1155 (JFB)(LB), 2008 WL 3049875, at *15 n.20 (E.D.N.Y. Aug. 1, 2008) ("[T]he failure to identify John Doe Officer does not entitle the [failure to intervene] defendants to summary judgment").

Neither finding is clearly erroneous; and the Court adopts the R&R in full. The Court GRANTS summary judgment on Plaintiff's excessive force claim against Fletcher. The Court DENIES summary judgment on Plaintiff's failure to intervene claim against Eaddy. The Clerk of Court is directed to terminate the pending motion and the reference to Magistrate Judge Dolinger is continued.

Dated: New York, New York
      June 29, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed to:

Anelin Pereyra
13A2456
Gowanda Correctional Facility
P.O. Box 350
Gowanda, NY 14070-0350